UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHS LAW LLP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WORLDEX INDUSTRY AND TRADING CO., LTD., et al.,<br><br>　　　　Defendants. | Case No.  25-cv-04471-SVK<br><br>**ORDER GRANTING REQUEST FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 8 |

Before the Court is Plaintiff Bhs Law LLP's ("BLLP") Administrative Motion to Serve Summons and Complaint by Alternative Method (the "Motion").[1] Dkt. 8. Having considered the Motion, the Declaration of Brian H. Song in Support thereof (Dkt. 8-1, "Song Decl."), the relevant law and the record in this action, the Court determines that the Motion is suitable for resolution without oral argument and **GRANTS** the Motion.[2]

**I.     BACKGROUND**

BLLP brings this suit against Defendants Worldex Industry and Trading Co, Ltd. ("Worldex") and Luis Mendoza ("Mendoza") for alleged interference with contract leading to the

---

[1] The Court notes that, in this District, requests for alternative service may be styled as motions, administrative motions or ex parte applications. *See, e.g.*, *Viral DRM LLC v. Jardin*, No. 24-cv-06854-BLF, 2024 WL 4894854, at *1 (N.D. Cal. Nov. 25, 2024) (granting in part and denying in part a "Motion for Alternative Service"); *Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-cv-05416-WHO, 2022 WL 17822445, at *3 (N.D. Cal. Dec. 20, 2022) (noting that the court had previously granted a "First Administrative Motion for Alternative Service" and an "Administrative Motion supplement."); *Flickinger v. Castillo*, No. 24-cv-02915-SVK, 2025 WL 1043541, at *1 (N.D. Cal. Apr. 8, 2025) (granting in part and denying in part ex parte applications). Because at the time of filing neither defendant had been served nor appeared in this action, the Court will treat BLLP's administrative motion as an ex parte application.

[2] The Court noted numerous typographical and grammatical errors in the Motion. The Court cautions counsel to take better care in presenting pleadings to the Court in the future.

1  termination of BLLP's relationship with West Coast Quartz Corporation ("WCQ"), an alleged
2  "alter ego of Worldex." *See, generally*, Dkt. 3 ("FAC").  Among the causes of action is the
3  allegation that "Mendoza committed fraud on the court" to prevail in an underlying California
4  state court action against WCQ (*Mendoza et al. v. West Coast Quartz Corporation*, RG18927787
5  (Alameda County, April 2025)) (the "*Mendoza* State Action"), in which BLLP represented WCQ,
6  leading Worldex to cause WCQ to terminate BLLP as counsel.  FAC, ¶¶ 8-23, 56-61.  The Court
7  also *sua sponte* takes judicial notice of the docket in *West Coast Quartz Corporation v. Markman*,
8  No. 25-cv-2643-YGR (N.D. Cal. Feb. 12, 2025) (the "*WCQ* Federal Action").  There, BLLP
9  represented WCQ against Mendoza until, on May 21, 2025, WCQ filed a Motion to Substitute
10 Attorney and a Notice of Voluntary Dismissal.  *WCQ* Federal Action, Dkts. 83-84.

11 Plaintiff served Defendant Worldex on May 30, 2025, (Dkt. 10), and Worldex filed a
12 motion to dismiss or, in the alternative, to quash service on June 30, 2025, (Dkt. 15).  Defendant
13 Mendoza, however, remains to be served.  On February 15, 2025, Plaintiff attempted to serve
14 Mendoza at an address obtained from his deposition in the *Mendoza* State Action.  Dkt. 8-1 at 21.
15 The attempt failed, and the resident at that location mentioned she had lived there for three years
16 and did not know Mendoza but used to get his mail.  Song Decl., ¶¶ 6-7, Ex. 4.  On March 13,
17 2025, Plaintiff attempted to serve Mendoza at a different residential location which was identified
18 from a database search, but that residence was vacant.  *Id.*, ¶¶ 8-9.  Plaintiff contends that
19 Defendant's attorney in the *Mendoza* State Action, Melissa Grant, "is in the process of actively
20 enforcing the" state judgment and thus is likely "still representing and knows how to contact
21 Defendant Mendoza (if nothing else, to forward the collected sums)." Dkt. 8 at 1, 3.  Plaintiff
22 alleges that Mendoza is evading service and requests an order authorizing service by email on
23 Mendoza through his attorneys of record in the *Mendoza* State Action.  *Id.*

24 **II.    LEGAL STANDARD**

25 Under Federal Rule of Civil Procedure 4(e)(1), plaintiffs may serve an individual located
26 within the United States by using any method allowed by the law of the state in which the district
27 court is located.  Fed. R. Civ. P. 4(e)(1).  California—the state in which the Court sits—allows for
28 five basic methods of service:  (1) personal delivery to the party;  (2) delivery to someone else at

the party's usual residence or place of business;  (3) service by mail with acknowledgment of receipt;  (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication.  Cal. Code Civ. Proc. §§ 415.10-50.  Alternatively, California Code of Civil Procedure Section 413.30 permits the court to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court."  Cal. Code Civ. Proc. § 413.30.

In this District courts have held that, except for service by publication, which is allowed only as a last resort, Section 413.30 permits alternate service without requiring exhaustion of California's other enumerated methods.  *See, e.g.*, *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3-4 (N.D. Cal. June 25, 2018).[3]  As Rule 4 aims to "provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality," (*Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992)), courts have utilized Section 413.30 to permit service via email where "'plaintiff[s] demonstrated reasonable diligence in [their] attempts to serve the defendants," and where "service by email is reasonably calculated to give actual notice to the defendants.'"  *Gnathonic, LLC v. Dingman*, No. 19-cv-01502-VAP (SSX), 2019 WL 13166751, at *3 (C.D. Cal. Oct. 2, 2019) (quoting *Cisco Sys., Inc*, 2018 WL 3109398, at *4).

Even if alternative service is permitted under Rule 4(e)(1), alternative methods like email "must also comport with constitutional norms of due process."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated … to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Courts in the Ninth circuit have interpreted "*Rio Properties* to permit email service for defendants within the United States pursuant to California Law … where email service is reasonably calculated to give

---

[3] Some courts in other districts have construed Section 413.30 more narrowly.  *See*, *e.g.*, *Oh My Green, Inc. v. Cuffe*, No. 19-cv-25097-PAP (VCX), 2020 WL 3213715, at *2 (C.D. Cal. Mar. 20, 2020);  *Fabric Selection, Inc. v. Benedict's Goods*, LLC, No. 23-cv-7168-JFW (BFMX), 2023 WL 11909747, at *1 (C.D. Cal. Dec. 15, 2023).

3

actual notice to the party to be served, particularly where there is evidence that the defendant is evading service." *Gnathonic,* 2019 WL 13166751, at *2 (quoting *Cisco Sys., Inc*, 2018 WL 3109398, at *3 (collecting cases)) (cleaned up).

To summarize, the Court may permit email service when "the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants," and "service by email is reasonably calculated to give actual notice to the defendants." *Cisco Sys., Inc.*, 2018 WL 3109398, at *4.

### III. DISCUSSION

The Court concludes Plaintiff's Motion justifies alternative service. As explained below, Plaintiff's attempts to serve Mendoza show reasonable diligence and an email to Mendoza's attorney of record in the state action is reasonably calculated to give notice. For these reasons, and considering the evidence indicating that Mendoza is evading service, the Court **GRANTS** Plaintiff's Motion.

#### A. Plaintiff Attempted Service with Reasonable Diligence

Reasonable diligence includes "a thorough, systematic investigation and inquiry conducted in good faith by the party or the party's agent or attorney." *Dusenbery v. United States*, 534 U.S. 161, 162 (2002). The analysis of reasonable diligence (under California law pursuant to Section 413.30) inquires "whether [the plainitiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978).

Courts have found reasonable diligence usually includes a "number of honest attempts to learn defendant's whereabouts or his addresses," (*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137-38 (1996)), and multiple attempts to effectuate service, (*Giorgio v. Synergy Mgmt. Grp.*, LLC, 231 Cal. App. 4th 241, 248-49 (2014)). *See also Estate of Smith v. City of San Diego*, No. 16-cv-02989-WQH (MDDx), 2017 WL 3175975, at *4 (S.D. Cal. 2017) (address verification and numerous failed attempts to locate and serve defendant by mail show reasonable diligence).

The Court concludes Plaintiff exhibited reasonable diligence in its attempts to serve Mendoza. Plaintiff attempted to locate Mendoza by identifying Mendoza's Union City address from a prior deposition and identifying Mendoza's Hollister address by a data base search. Song

Decl., ¶¶ 7-9. Plaintiff then made multiple attempts to effect service by hiring process servers to serve Mendoza at the Union City and Hollister addresses. *Id.* at 21-26. The effort to serve Mendoza at a residential address in Union City failed: The resident currently located at the Union City address told the process server that she had lived there for three years and that, although she used to get mail for Mendoza, she did not know him. *Id.* at 21. The subsequent attempt at the Hollister address also failed as the residence at this address was vacant and had a "for sale" sign posted. *Id.* at 26.

After these efforts, on Thursday May 29, 2025, Plaintiff emailed Melissa Grant, Mendoza's state attorney of record, inquiring whether she still represented Mendoza and whether she could accept or waive service on his behalf. *Id.* at 19. As of the time of filing of the Motion, Ms. Grant had not responded to this email. *Id.*, ¶ 5.

Plaintiff made multiple good faith efforts to locate and serve Mendoza at various addresses and to serve him through his previous counsel. Accordingly, the Court finds Plaintiff has met the standard of reasonable diligence for purposes of effecting service under California Code of Civil Procedure Section 413.30.

      **B.**      **Email Service is Reasonably Calculated to Give Notice**

Plaintiff contends that emailing Mendoza's counsel from the *Mendoza* State Action, Ms. Grant, will give reasonable notice. Dkt. 8 at 4. After obtaining final judgment in that action, attorneys for Mendoza including Ms. Grant began enforcing the judgment by seeking collection from various entities. Song Decl., ¶ 3. Plaintiff reasons that because Ms. Grant seeks to collect on the *Mendoza* State Action, she is, "if not in constant contact[] with Mendoza," at least in contact to distribute collected funds. Dkt. 8 at 3. To support Plaintiff's inference, the Motion cites *FMAC Loan Receivables v. Dagra*, a case in which the court permitted service on a defendant through their attorney of record in part because the attorney filed numerous motions on behalf of the defendant. 228 F.R.D. 531, 535 (E.D. Va. 2005).

Here, on behalf of then-plaintiff Mendoza, Ms. Grant has sent a Notice of Levy to enforce the *Mendoza* State Action judgement against numerous entities throughout April and May of 2025. Dkt. 8-1. On May 20, 2025, Plaintiff received a letter from one of those entities, informing

Plaintiff that money was paid to the Los Angeles County Sheriff's Department for the *Mendoza* State Action collection attempts. Dkt. 8-2. Given Ms. Grant's previous representation of Mendoza and current collection efforts, the Court agrees that it is reasonable to infer she has ongoing communications with Mendoza. Accordingly, service by email to Mendoza's attorney of record is reasonably calculated to give notice of this action such that the requested alternative service satisfies due process requirements.

Additionally, while not conclusive, there is some evidence that Mendoza is evading service of process. Plaintiff discussed the attempted service with its process server, who "reviewed the history of attempted service to no avail and relayed his personal view that this [pattern] is typical of someone who is actively trying to evade service." Dkt. 8-1, ¶ 10. Moreover, in the WCQ Federal Action, after three months of proceedings, plaintiff WCQ (represented by Plaintiff BLLP), managed to serve every individual defendant (including Ms. Grant and her law firm) except for Mendoza. "[W]hen there is evidence that a defendant is evading service, courts are more willing to allow alternative methods" of service. *Cisco Sys., Inc.*, 2018 WL 3109398, at *3. Accordingly, this bolster's the Court's decision.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's motion requesting alternative service under FRCP 4(e)(1) through California Code of Civil Procedure Section 413.30. Plaintiff may serve Defendant Mendoza by:

- Emailing a copy of the Summons, Complaint **and this Order** to his attorney of record in the state action, Ms. Grant, with the instruction to forward such information onto Mendoza and by mailing a physical copy of the Summons and Complaint to Mendoza's last known address.

**SO ORDERED.**

Dated: June 30, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

6