UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHS LAW LLP,<br><br>            Plaintiff,<br><br>    v.<br><br>WORLDEX INDUSTRY AND TRADING CO., LTD., et al.,<br><br>            Defendants. | Case No.  25-cv-04471-SVK<br><br>**ORDER RE RECENT FILINGS** |

Plaintiff Bhs Law LLP ("Bhs") filed this action on May 27, 2025, and since then counsel for the Parties have collectively filed no fewer than 10 motions, letters-portending-motions or other such material. *See* Dkts. 8, 11, 15, 20, 32, 41, 44, 45, 47, 48. Particularly in light of the recent spate of filed or threatened motions for sanctions and the oft-included *ad hominem* attacks from all sides against all others, the Court issues the following **ORDER**:

I.      **BHS'S MOTIONS FOR SACTIONS & DEFENDANTS' MOTIONS TO DISMISS**

Pending before this Court are motions to dismiss from the two defendants in this action: Worldex Industry and Trading Co., Ltd's ("Worldex") Motion to Dismiss or in the Alternative to Quash Service of Process, (Dkt. 15), and Luis Mendoza's Anti-SLAPP Motion to Strike or in the Alternative to Dismiss, (Dkt. 32) (collectively, "MTDs"). Briefing and supplemental briefing on the MTDs has concluded, and the MTDs are currently set for hearing on August 26, 2025. *See* Dkts. 15-16, 21-22, 28, 46 (briefing on Worldex's MTD);  Dkts. 32, 42, 48 (briefing on Mendoza's MTD).

On August 11, 2025, Bhs filed two motions for "sanctions" against Capstone Law APC (counsel for Mendoza) and O'Hagan Meyer, LLP (counsel for Worldex). Dkts. 44-45 (respectively).  The Court's review of the motions for sanctions, however, reveals that they are

predominantly motions to disqualify counsel. *See* Dkts. 44-3, 45-2 (the only sanction sought in the former motion is disqualification of counsel, while the latter motion seeks disqualification of counsel and referral of O'Hagan Meyer to the Standing Committee on Professional Conduct on the basis of purportedly frivolous arguments and purported misstatements of fact and law). Moreover, the Court's preliminary review of the motions raises serious concerns as to whether Bhs has standing to pursue disqualification via either of the motions. *See, e.g.*, *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) (explaining that, although the Government "does not press the point," the Ninth Circuit had "difficulty seeing how Frost has standing to complain about a possible conflict of interest arising out of common representation of defendants in different civil actions, having nothing to do with her own representation" because "as a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification."). Thus, the Court **ORDERS** that:

- In accordance with this Court's prior order deferring Worldex's proffered motion for sanctions, (*see* Dkts. 41, 43), this Court will **not** entertain Bhs's request for sanctions as to frivolous arguments and misstatements at this time; rather, the Court will set a briefing schedule, if appropriate, after its decision on the pending Motions to Dismiss;

- The Court will, however, decide Bhs's requests to disqualify counsel concurrently with the pending motions to dismiss; and,

- Accordingly, Worldex and Mendoza **shall respond** to the motions for sanctions as though they were motions for disqualification of counsel, addressing only the disqualification issues raised therein and in particular addressing whether Bhs has standing to bring the motions. Worldex and Mendoza shall refrain from responding to or engaging in further *ad hominin* attacks. *See, infra*, § III.

The hearing on Defendants' MTDs is hereby **VACATED** and **re-set** for **September 23, 2025**, to be heard with the disqualification issues.

////

////

## II. BHS'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

On August 12, 2025, Bhs filed an administrative motion to file under seal a Second Amended Complaint. Dkt. 47. This motion appears to be responsive to Worldex's letter threatening sanctions and this Court's subsequent order. *See* Dkts. 41, 43. However, this administrative motion alone is insufficient to comply with this Court's order: Bhs has filed its proposed Second Amended Complaint without a motion *for leave to amend* and without any declaration or other indication that it has received Mendoza's consent to amend. *See* Dkt. 47.

Accordingly, the Court **STRIKES** Bhs's administrative motion for leave to file under seal **without prejudice** to Bhs renewing the motion, either in conjunction with a filed motion for leave to amend or with a declaration stating that it has received Mendoza's consent to amend. *See* Dkt. 43. The Court's **August 19, 2025** deadline for such a motion or filing remains in effect. *Id.*[1]

## III. COUNSELS' *AD HOMINEM* ATTACKS AND BHS'S EXCESSIVE FILINGS

Finally, the Court notes that the filings to date—from all sides—have included needless *ad hominem* attacks upon the character and/or competence of opposing counsel, not only in Bhs's recent motions for sanctions but also in the Parties' MTD briefs. *E.g.*, Dkt. 21 at 10-11, 13-20 (Bhs attacking O'Hagen); Dkt. 28 at 18, 20 (O'Hagen attacking Bhs); Dkt. 32 at 7, 26 (Capstone attacking Bhs); Dkt. 42 at 17-19 (Bhs attacking Capstone); *see also* Dkts. 44-45 (*ad hominem* attacks abound in Bhs's motions for sanctions). Such attacks are unhelpful, unprofessional, and cast all counsel in equally[2] poor light.

Additionally, the Parties have filed excessive motions (consuming significant judicial resources) in this case. *E.g.*, Dkt. 11 (re-filing Dkt. 8, Bhs's administrative motion for alternative service, in near-identical fashion when the Court did not address the motion as quickly as Bhs would may have liked); Dkt. 41 (Worldex filing a letter along, with a proffered motion for

---

[1] The Court notes that Bhs has included a request to file a Second Amended Complaint at the end of its opposition to Mendoza's motion to dismiss. Dkt. 42 at 19-20. The Court will take up such a request, related to Mendoza's MTD, in the ordinary course after deciding the MTD. The Court clarifies that such a request is **not** a substitute for a motion for leave to amend, if Bhs chooses to seek leave to amend, in response to Worldex's letter at Dkt. 41.

[2] Bhs's attacks on opposing counsel are especially numerous, but counsel for Defendants will resist the urge to fight fire with fire.

sanctions, arguing that Bhs's complaint was so frivolous as to be sanctionable when the Court has not had occasion to rule on Worldex's MTD and determine whether the complaint had merit); Dkt. 44 (Bhs alleging, in part, that Worldex's counsel's arguments in support of its MTD are frivolous, when the Court has not had occasion to rule on Worldex's MTD and determine whether the its arguments have merit); Dkt. 47 (Bhs filing an administrative motion to seal untethered from an underlying substantive motion). Such filings have necessitated numerous clarifications and minute orders from this Court. Dkts. 12, 37, 43.

In light of the above, **Bhs, O'Hagen and Capstone** are all **hereby admonished** and it is **ORDERED** that, **until further notice, no party shall make any further filings in this case except those previously allowed by this Court.**

The Court will currently accept **only**:

- Worldex's opposition to Bhs's motion for sanctions, addressing the disqualification issues only (*see* Section I, above);
- Mendoza's opposition to Bhs's motion for sanctions, addressing the disqualification issues only (*see* Section I, above);
- Bhs's replies thereto, which shall be limited to disqualification issues only;
- Bhs's motion for leave to amend its complaint in response to Worldex's letter **or** a second amended complaint **with a statement** that Defendants have consented to the filing thereof; and
- Administrative motions to file under seal **only** if necessary to support the above.

In particular, further motions for sanctions, fees and/or disqualification are inappropriate until resolution of the pending motions to dismiss.

**SO ORDERED.**

Dated: August 13, 2025

SUSAN VAN KEULEN
United States Magistrate Judge