UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHS LAW LLP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WORLDEX INDUSTRY AND TRADING CO., LTD.,<br><br>　　　　　Defendant. | Case No.  25-cv-04471-SVK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS;  DENYING PLAINTIFF'S MOTION FOR SANCTIONS;  ORDERING PARTIES TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED**<br><br>Re: Dkt. No. 87, 92. |

Before the Court are two motions.  Defendant Worldex Industry and Trading Co., Ltd. ("Worldex") moves to dismiss Plaintiff Bhs Law, LLP's ("Bhs")[1] second amended complaint. Dkt. 87 ("Worldex's Motion").  Plaintiff Bhs moves for sanctions for three assertedly-frivolous arguments raised in Worldex's Motion.  Dkt. 92 ("Bhs's Motion").  The Court determines that these matters may be resolved without oral argument.  Civil L.R. 7-1(b).  For the following reasons, the Court **GRANTS IN PART** Worldex's Motion and **DENIES** Bhs's Motion.[2]

Additionally, in light of the discussion below, the Court issues an **ORDER TO SHOW CAUSE**:  (1) for Bhs to show cause why the filing of its Second Amended Complaint did not, and why the related argument in opposition does not, violate Rule 11;  and (2) for Worldex to show cause why its *Younger* abstention argument does not violate Rule 11.

////

---

[1] As explained in the Court's December 29, 2025 Order, at the end of 2025, Bhs changed from a LLP to a Law Corporation.  Dkt. 76 at 1 n. 1.  The Court treated Bhs Law Corporation as "either the same plaintiff as Bhs Law LLP or at least its successor in interest" and found that it "may assert all of the same causes of action."  *Id.* (citing, *e.g.*, *Patriot Rail Corp. v. Sierra R.R. Co.*, No. 09-cv-00009-TLN, 2014 WL 1664898, at *6 (E.D. Cal. Apr. 25, 2014).  Neither Party has objected to this approach.

[2] All Parties have consented to magistrate judge jurisdiction.  Dkts. 7, 14.

United States District Court
Northern District of California

## I.    BACKGROUND

### A.    The First Amended Complaint, Prior Requests for Judicial Notice and Worldex's Current Request for Judicial Notice

The factual background of this dispute, based on the allegations in Bhs's first amended complaint and based on the Court's judicial notice of various filings and other matters in related and underlying civil actions, is described by the Court in its December 29, 2025 Order (the "Prior Order"). Dkt. 76 at 2-8. Bhs's second amended complaint removes many allegations that are no longer relevant to its remaining claim. *Compare* Dkt. 82 ("SAC") *with* Dkt. 3 ("FAC"). Moreover, the Parties' requests for judicial notice as to Worldex's Motion are more limited than previous requests, and Bhs does not request judicial notice of any documents. *See* Dkt. 86 ("Worldex's RJN"). The Court first briefly the issue of judicial notice and the relevance of the First Amended Complaint as providing context to the Court's analysis.

The Ninth Circuit holds to "the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Nonetheless, courts in this Circuit routinely take judicial notice of prior allegations that are consistent with current allegations "[w]here necessary to provide context and to assist with the Court's analysis." *E.g.*, *Waddell v. City of Orange Police*, No. 19-cv-1163-MWF (AS), 2019 WL 7494904, at *1 (C.D. Cal. Nov. 22, 2019), *report and recommendation adopted,* 2020 WL 70837 (C.D. Cal. Jan. 6, 2020) ("[I]n order to provide the necessary context to Plaintiff's allegations, the Court takes judicial notice of her prior pleadings to the extent that they are consistent with the First Amended Complaint.").

Accordingly, the Court takes judicial notice of: (1) the facts alleged in Bhs's FAC to the extent they are consistent with its SAC and provide helpful context to the Court's Order and (2) the various filings and other matters in related and underlying civil actions to the same extent as noticed in the Court's Prior Order. The Court also **GRANTS** Worldex's Request for Judicial Notice to the same extent as previously granted and otherwise **DENIES** the request as **moot**.

Thus, the Court does not re-tread the background already described in the Prior Order, (*see* Dkt. 76 at 2-8), but summarizes the factual and procedural history as relevant to the SAC.

**B.      Relevant Factual and Procedural History**

On December 29, 2025, the Court dismissed all counts of Bhs's first amended complaint. Dkt. 76.  It dismissed Count VI (against Mr. Mendoza) with prejudice, dismissed Counts II-V (against Worldex as an alleged alter ego of its subsidiary, West Coast Quartz Corporation ("WCQ")) without prejudice but subject to the requirements of the California's Mandatory Fee Arbitration Act ("MFAA") and dismissed Count I with leave to amend.  Dkt. 76 at 37.  Count I, re-alleged in the SAC, is Bhs's claim against Worldex for intentional interference with contract. *See id.* at 4;  FAC, ¶¶ 24-30;  SAC, ¶¶ 30-38.  The gravamen of Count I, as alleged in the SAC, is that Worldex tortiously interfered with Bhs's representation of two former clients.  SAC, ¶¶ 8-27.

The first former client is WCQ, "a California corporation that manufactures and distributes silicon ingots and quartz in California."  Dkt. 76 at 4.  Bhs represented WCQ as a defendant in a class action in California state court.  Dkt. 76 at 4-5 (referring to *Mendoza et al. v. West Coast Quartz Corporation*, RG18927787 (Alameda County)) (the "*Mendoza* State Action").  After several adverse rulings in the *Mendoza* State Action but before a judgment was entered against WCQ, Bhs filed an action in this District on behalf of WCQ against various defendants including, *e.g.*, the state court judge, the named plaintiff in the state court case (Mr. Mendoza) and his attorneys.  *See id.* at 5-6 (referring to *West Coast Quartz Corp. v. Markman, et al.*, No. 25-cv-2643-YGR (N.D. Cal. Feb. 12, 2025) (the "YGR Action," as referred to in the SAC (*see* SAC, ¶¶ 8-9))).  On May 21, 2025, after WCQ lost in the *Mendoza* Action, the firm O'Hagan Meyer LLP ("O'Hagan"), replaced Bhs in both actions and voluntarily dismissed the YGR Action on behalf of WCQ.  Dkt. 76 at 4, 6.  In Count I, Bhs alleges that Worldex caused WCQ to terminate its agreement with Bhs by exercising its control over WCQ.  SAC, ¶¶ 22-27.

The second former client is Eddy Wai Yip Lee.  SAC, ¶ 11.  Mr. Lee was a supervisor-employee of WCQ and a dissatisfied objector to the class in the *Mendoza* State Action.  Dkt. 76 at 5-6.  On "June 9, 2025 and after being discharged as WCQ's counsel, Bhs filed an action in this District on behalf of Eddy Lee … against Capstone[ Law APC, who served as class counsel in the Mendoza Action] and the chief trial counsel for the State Bar of California."  *Id.* at 6 (referring to *Lee v. Capstone Law APC, et al.*, No. 25-cv-4845-BLF (N.D. Cal. June 9, 2025) (the "*Lee*

United States District Court
Northern District of California

3

Action," referred to in the SAC as the "*Eddy* Action," (SAC, ¶¶ 11-12))). The *Lee* Action was voluntarily dismissed by Mr. Lee on July 30, 2025. Dkt. 76 at 6. Bhs—without Mr. Lee's buy-in—attempted to withdraw the notice of dismissal asserting, essentially, that WCQ, O'Hagan, Capstone or some combination thereof "coerced" Mr. Lee into dismissing the action. Dkt. 76 at 6. The Honorable Beth Labson Freeman denied the attempted withdrawal of dismissal on August 5, 2025. *Id.* (citing *Lee* Action, Dkt. 44). In Count I, Bhs alleges that Worldex caused Mr. Lee to dismiss the *Lee* Action by exercising its "influence over WCQ's officers." SAC, ¶¶ 22-27.

Bhs seeks to recover for the harm allegedly caused by Worldex's tortious interference with these two engagements, the "YGR Agreement" and the "Lee Agreement."[3] SAC, ¶¶ 8, 11, 28-29. Based on ambiguous allegations in the FAC, but construing them in Bhs's favor upon a motion to dismiss, the Court previously explained that it viewed Bhs as alleging a "hybrid fee structure with WCQ," whereby it would earn both an hourly and contingent fee. Dkt. 76 at 17-18. Bhs's SAC, however, omits any mention of hourly or "market rate" fees and pleads only contingency fee contracts. SAC, ¶ 31; *see also, generally*, SAC.

On February 3, 2026, Worldex moved to dismiss the SAC. Dkt. 85. On February 27, 2026, separate and apart from its opposition, Bhs served upon Worldex a motion for sanctions under Federal Rule of Civil Procedure 11. Dkt. 90. After 21 days had elapsed pursuant to Rule 11's safe harbor provision, Bhs filed the motion, which challenges two of the arguments set forth by Worldex as frivolous on three grounds. Dkt. 92. Briefing concluded on Bhs's Motion, which is intertwined with Worldex's Motion, on April 8, 2026. *See* Dkt. 95.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss

#### 1.   Orders Granting Leave to Amend Under Rule 15

Apart from a limited opportunity to "amend [a] pleading once as a matter of course," Federal Rule of Civil Procedure 15 requires an opposing party's consent or leave of court for amendment. Fed. R. Civ. P. 15(a). As relevant here, "[d]istrict courts in the Ninth Circuit often

---

[3] Bhs refers to Mr. Lee's agreement as the "Eddy Agreement," using Mr. Lee's first name.

United States District Court
Northern District of California

permit litigants to add new claims to their pleadings when motions to dismiss are granted with leave to amend without limitation." *Robinson v. Clear Recon Corp.*, No. 22-CV-01874-KJM (CKD), 2022 WL 2110502, at *3 (E.D. Cal. June 10, 2022) (collecting cases).  "When district courts have granted leave to amend to cure specific shortcomings, by contrast, they have usually stricken or dismissed claims based on new or different legal theories."  *Id.* (collecting cases);  *see also Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 3933070, at *3 n. 6 (N.D. Cal. June 9, 2023) ("When leave to amend is granted with limitation, a court may strike new allegations outside the scope that limitation.").

### 2.     Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction."  *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020).  Subject matter jurisdiction is lacking where there is no case or controversy before the Court, including where the plaintiff lacks standing under Article III.  *See id.*  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a "facial" 12(b)(1) challenge, as is presented here, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in plaintiff's favor. *Oracle Corp. v. ORG Structure Innovations LLC*, No. 11-cv-03549 SBA, 2012 WL 12951187, at *3 (N.D. Cal. Mar. 30, 2012) (citing *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

### B.     Sanctions Under Rule 11

By presenting a pleading, written motion, or other paper to the court ("whether by signing, filing, submitting or later advocating it"), an attorney "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, … [that] the claims, defenses and other legal contentions" contained in the document "are warranted by existing law or by a nonfrivolous argument for extending" existing law.  Fed. R. Civ. P. 11(b)(2). "A filing is frivolous if no competent attorney would believe it was well-grounded in fact and warranted by law."  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1415 (9th Cir. 1990).  The "central purpose" of Rule 11 sanctions "is to deter baseless filings in district court."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  To that end, Rule 11 provides for "an

appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Moreover, upon either a motion by a party or an order to show cause (which may be issued *sua sponte*), a court may impose monetary sanctions, including a penalty payable into court. Fed. R. Civ. P. 11(c)(3)-(4).

## III.    DISCUSSION

### A.    Worldex's Motion to Dismiss is Granted

Worldex argues that the SAC must be dismissed "for five principal reasons." Dkt. 85 at 6. First, Worldex argues that Bhs again fails to establish Article III standing to seek recovery of its contingency which, as the Court previously explained, "is too speculative." *Id.* at 6, 14-15. Second and relatedly,[4] Worldex argues that "Bhs was not given leave to replead a contingency fee claim." *Id.* at 6-7, 11. Third and fourth, Worldex also argues that Bhs lacks Article III standing because it fails to sufficiently allege facts establishing traceability and redressability, respectively. *Id.* at 7, 15-16, 16-17. Fifth, Worldex argues that the Court must abstain from hearing the case based on the *Younger* doctrine. *Id.* at 6, 17-20.

The Court begins with Worldex's second argument, relating to Bhs's impermissible amendment realleging its contingency fee. Then, because the Court determines that the SAC was not authorized and that further leave to amend would be futile, the Court **DISMISSES** Count I on that ground and Bhs declines to address Worldex's other arguments (except as relevant to Bhs's Motion and the Court's *sua sponte* Order to Show Cause, below).

#### 1.    Bhs's Second Amended Complaint Impermissibly Realleges its Contingency Fee Claims

As an initial matter, the Court finds that Bhs's SAC did not comply with the Court's Prior Order. The Court's Prior Order found, in relevant part:

////

---

[4] Worldex's Motion is poorly organized. This argument appears in Worldex's introduction and background sections but is absent from its argument section. The third argument, challenging traceability appears second in the argument section while being labeled "Fourth" in the introduction. The fourth argument, challenging redressability, does not appear in the introduction but appears third in the argument section. Finally, the "*Younger* abstention" argument, which appears last in argument section, is labeled "Second" in the introduction.

[C]ontingent fees which would become payable to Bhs only upon its successful defense against the *Mendoza* State Action are too speculative to support relief. *See Corrales*, 760 F. Supp. 3d at 1061-62 (in a case where Plaintiff, an attorney proceeding *pro se*, had "Fee Agreement [of] a hybrid quality, meaning Plaintiff earned both an hourly fee as well as a contingency fee," Plaintiff had "not suffered a pecuniary injury [as to his asserted contingent fee interest] because he has not been deprived of any fees to which he is entitled. Only after [Plaintiff's client] recovers its funds from the Commission will Plaintiff's right to collect his fees be triggered."). In other words, even assuming that Bhs could successfully challenge and vacate the *Mendoza* State Action judgment by way of this action, because Bhs alleges that the fee was "contingent on, among other things, the successful defense of" the underlying case, Bhs would need to first prevail in such a defense before its injury crystalized. However, Bhs's injury as to its fixed fees is not speculative.

Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Worldex's Motion on this ground. The Court finds that Bhs has standing to pursue its claims for non-payment of its fixed fees but not for failure to pay the contingency fees. As any attempt to amend as to the contingent-fee injury would be speculative, dismissal of such claims is **without leave to amend**.

Dkt. 76 at 18 (emphasis in original). Bhs's claim for tortious interference based upon the contingency fee at issue was **dismissed without leave to amend.** *Id.* Bhs's SAC is thus improper.

Bhs argues that its amendment was authorized by other language in the Court's Prior Order which "permitted amendment to clarify Plaintiff's theories and allegations" as to Count I. Dkt. 87 at 11 (citing Dkt. 76 without a pin cite). Assuming that Bhs refers to Section III.E. of the Court's Prior Order, wherein the Court *specifically* evaluated Bhs's then-proffered amended complaint and granted in part and denied in part amendment, Bhs's argument is unavailing. *See* Dkt. 76 at 31-33. The Court stated unequivocally: **"[A]ny proposed amendments relating to recovery of Bhs's contingent fee would be futile."** *Id.* at 32 (emphasis added). The Court did **not** give Bhs' blanket-leave to amend "to clarify [its] theories and allegations" as to Count I, as Bhs argues, but **only** "with regard to proffered allegations (b)–(d)," which were:

> b. Bhs would plead details as to its alleged fee arrangement with WCQ;
>
> c. Bhs would allege it never received Worldex's confidential information;
>
> d. Bhs would add allegations that Worldex also tortiously interfered with Bhs's engagements with Eddy Lee …[.]

7

United States District Court
Northern District of California

*Id.* at 31 (internal citations omitted).  The allegations added to the SAC now before the Court go far beyond what was permitted and are all "relate[d] to recovery of Bhs's contingent fee," which was explicitly disallowed.  *Id.* at 31-32.

Accordingly, the Court **GRANTS** Worldex's Motion on this ground, **STRIKES** Bhs's SAC and, because Bhs has failed to amend despite multiple opportunities and detailed guidance from this Court, agrees with Worldex further leave to amend would be futile.  *See* Dkt. 85 at 23-24.  Bhs's claim for tortious interference against Worldex is **dismissed with prejudice for lack of standing.**  Dkt. 76 at 17-18.  Bhs's prior claim for tortious interference against Worldex as it relates to any potential hourly fees is **dismissed with prejudice on the merits**, as Bhs did not lack standing to pursue that claim.  *See id.*

**B.      Bhs is Ordered to Show Cause as to Why the Filings of its Second Amended Complaint and Opposition Were Not Frivolous Pursuant to Rule 11**

Having considered the Parties' submissions, including the SAC and Bhs's opposition, the Court is deeply troubled by Bhs's flagrant disregard of this Court's Prior Order, discussed above, as well as by the "merits" of the contingency-fee argument advanced by Bhs.  Specifically, Bhs argues that under *Herron v. State Farm Mutual Insurance Co.*, 56 Cal. 2d 202 (1961), it has Article III standing to bring an action for intentional interference with contract where the contract is an attorney-client engagement with a contingency fee.  Even if Bhs had raised *Herron* via the appropriate vehicle (*e.g.*, a motion for reconsideration of the Court's Prior Order), Bhs's argument is frivolous.  Bhs fails to: :

- explain how *Herron*, which does not address or even mention Article III standing, provides such standing merely by holding that there is a *cause of action* for intentional interference with an attorney-client agreement that includes a contingency fee;[5] and

---

[5] The Court does not doubt that there is such a cause of action, as explained in the Court's Prior Order.  *See* Dkt. 76 at 17-18.  Even so, "a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury."  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001).

- address, let alone cite, any of the authority relied by this Court in its Prior Order.[6]

Accordingly, Bhs is **ORDERED TO SHOW CAUSE** why it should not be sanctioned for making this argument both via its SAC and its opposition, as directed in Section IV, below.

### C.      Bhs's Motion for Sanctions is Denied

In Bhs's Motion for Sanctions, Bhs argues that two of Worldex's arguments are sanctionable for three reasons:  (1) Worldex's Article III standing argument;  (2) Worldex's invocation of the *Younger* doctrine substantively under *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) and (3) Worldex's invocation of the *Younger* doctrine because it "depend[s] on collapsing the distinction between" Worldex and WCQ, despite this Court's prior dismissal of such alter-ego arguments with regard to Count I.  Dkt. 92 at 7.

The Court **DENIES** Bhs's Motion as to Worldex's Article III standing argument. Worldex's argument is not unwarranted by existing law or frivolous in any way;  it is persuasive, as detailed in the Court's Prior Order.  *See* Dkt. 76 at 17-18.

The Court **DENIES** Bhs's Motion as to Worldex's substantive *Younger*-based argument. Under *Younger* abstention, federal courts are prohibited from enjoining certain state court proceedings.  *Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025).  *Younger* abstention applies where there are state proceedings that:  "(1) are ongoing, (2) are [criminal or] quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'"  *Yelp v. Paxton*, 137 F.4th at 950.  The same elements, specifically elements (2) and (3) were identified by the Supreme Court in *Sprint Communications* and are discussed by the Parties.  *See* 571 U.S. 69, 72-73.  Having reviewed the Parties' submissions, the Court is not persuaded that Worldex's arguments as to *these* elements—*i.e.*, the requirement for an ongoing related state action that implicates an important state interest and involves the enforcement of a state order or judgment—are entirely unwarranted or frivolous.  *Contra* Dkt. 92 at 12-14.

---

[6] *See* Dkt. 76 at 17-18 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413-14 (2013);  *Fruci & Assocs., PS v. A10 Cap. LLC*, 510 F. Supp. 3d 962, 967 (W.D. Wash. 2020);  and *Corrales v. Dutschke*, 760 F. Supp. 3d 1053, 1061 (S.D. Cal. 2024)).

Finally, the Court **DENIES** Bhs's Motion as to the *Younger*-alter-ego basis. The Court agrees with Worldex that neither its motion nor its reply make or depend on the alter ego doctrine. *See, e.g.*, Dkt. 89 at 12-13 (arguing not that Worldex and WCQ are alter egos, but that *Younger* does not require identity of the parties so long as their "interests" are "sufficiently intertwined that direct interference with the state court proceedings is inevitable.").

### D. Worldex is Ordered to Show Cause as to Why the Inclusion of its *Younger* Argument Was Not Unwarranted and Frivolous Under *Gilbertson v. Albright*

As an independent matter, however, the Court finds Worldex's assertion of the *Younger* doctrine troubling for a different reason. Specifically, as Worldex acknowledges, even if the other requirements of *Younger* abstention are met, the Court may only abstain from hearing the case before it "if the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." Dkt. 85 at 18 (quoting *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004)). In its initial motion, Worldex includes a barebones, unexplained assertion that "[t]he final *Younger* element is present here [because] Bhs' present federal court action seeks to invalidate the Mendoza Action and will directly interfere with active state appellate proceedings." Dkt. 85 at 20. Worldex cites—without any explanation—three other Ninth Circuit decisions. *Id.* These cases discuss the rule Worldex correctly acknowledges, that "there is a vital and indispensable fourth element" to *Younger* abstention. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). However, none appears to apply to the situation at bar. First, and most significantly, Worldex does not cite to any portion of Bhs's SAC as requesting injunctive or similar relief. Nor does Worldex even attempt to explain how the cited cases support its argument or proffer any analogous authority. In short, Worldex's argument for *Younger* abstention is grounded in neither fact nor law. Dkt. 85 at 20.

This is not the first time Worldex has made threadbare arguments without citing pertinent authorities. The Court previously admonished Worldex for taking a similar approach to its request for dismissal of Count VI of the FAC. *See* Dkt. 76 at 15 (explaining that, pursuant to Civil Local Rule 7-5(a)(5), "a brief or memorandum … in support, opposition, or reply to a motion must contain … argument by the party, citing pertinent authorities."). The Court appreciates that, this

10

United States District Court
Northern District of California

time, Worldex has at least quoted the basic rule-statement from *Gilbertson*.  Dkt. 85 at 18, 20.  Even so, it is not enough to quote three cases in four sentences without explanation and conclude with an unsupported assertion about the SAC.

In reply, Worldex expands on its argument,[7] finally explaining its reliance on *Gilbertson* and how it views that case as relevant to this one.  *See* Dkt. 89 at 12.  Worldex's reply argument, however, contains two glaring omissions and appears just as frivolous as its opening argument.  The only case relied on by Worldex is *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004)), which Worldex quotes for the proposition that "*Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings."  Dkt. 89 at 12 (quoting *id.* at 968).  However, Worldex never explains *how*, by hypothetically determining that Worldex tortiously interfered with Bhs's agreement with WCQ, court-awarded damages would have the "practical effect" of enjoining the state appellate proceedings brought by WCQ that challenge the *Mendoza* judgment.  Even more severely, Worldex ignores *the very next sentence* of *Gilbertson*, where the Ninth Circuit explains that, for an action relating to money damages rather than an injunction, "federal courts should **not** dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed."  *Id.* (emphasis added).

Accordingly, Wordlex is **ORDERED TO SHOW CAUSE** why it should not be sanctioned for its unwarranted and frivolous arguments relating to the *Younger* doctrine's "practical effects" limitation and disregard of the Court's prior admonitions.

## IV.    CONCLUSION AND ORDERS TO SHOW CAUSE

For the foregoing reasons, the Court **DISMISSES** Bhs's SAC **with prejudice**.  The Court will temporarily retain jurisdiction of this matter, however, for the purposes of its Order to Show Cause to both Parties.

---

[7] The Court previously admonished Worldex that such an approach is also inappropriate: "[a]lthough Worldex included authorities and argument in its brief in reply, (Dkt. 28), … [a] party may not simply flag an issue in its opening motion, force the opposing party to brief the issue 'in the dark,' and then unload with a salvo of authority upon reply."  Dkt. 76 at 16 n. 8.

Bhs is **ORDERED TO SHOW CAUSE** why it should not be sanctioned for its blatant disregard of the Prior Order and re-pleading its contingency fee claim and defending its disregard on the basis of *Herron.*  Bhs shall file its response, not to exceed 5 pages, **no later than May 18, 2026**.  This response is not an opportunity for Bhs to raise new arguments as to why its contingency fee is justified;  rather, to the extent Bhs contends that it should not be sanctioned on the merits as opposed to procedural or other grounds, Bhs must explain why the allegations and arguments *raised in its SAC and opposition*, based on *Herron*, were warranted under existing law or were non-frivolous arguments for an extension of existing law.

Worldex is **ORDERED TO SHOW CAUSE** why it should not be sanctioned for its blatant disregard of the Court's prior admonitions by making unwarranted and frivolous arguments relating to the *Younger* doctrine's "practical effects" limitation.  Worldex shall file its response, not to exceed 5 pages, **no later than May 18, 2026**.  As with the Court's admonition to Bhs, Worldex's brief is not an opportunity for it to raise new arguments as to why *Younger* abstention is justified;  rather, to the extent it contends it should not be sanctioned on the merits as opposed to procedural or other grounds, Worldex must explain why *Gilbertson v. Albright* is analogous authority and why it argued that the Court should dismiss the case, rather than stay, despite apparently binding authority to the contrary of which Worldex was clearly aware.

The Court **SETS** the Parties for a show cause hearing on **June 9, 2026 at 10:00 a.m.**

**SO ORDERED.**

Dated: May 11, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

12