UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHS LAW LLP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WORLDEX INDUSTRY AND TRADING CO., LTD.,<br><br>　　　　　Defendant. | Case No.  25-cv-04471-SVK<br><br>**ORDER VACATING OSC HEARING; ISSUING SANCTIONS;DISCHARGING OSC**<br><br>Re: Dkt. No. 97 |

This Order brings to a close the ill-pleaded and poorly briefed saga that has been Plaintiff Bhs Law LLP's ("Bhs") complaint and amendments thereto and Defendant Worldex Industry and Trading Co., Ltd.'s ("Worldex") efforts to dismiss the complaints.  On May 11, 2026, the Court granted Worldex's motion to dismiss the Second Amended Complaint ("SAC") with prejudice on Rule 15 grounds, finding that "Bhs's SAC did not comply with the Court's Prior Order" permitting limited amendment and that "further leave to amend would be futile."  Dkt. 97 at 6-8. In so doing, the Court explained that it was troubled by Bhs's "flagrant disregard of this Court's Prior Order." *Id.* at 8-9.  It also declined to address any of Worldex's ancillary arguments and explained that it was troubled by Worldex's frivolous assertion of the *Younger* doctrine and disregard of the Court's prior admonishments regarding the integrity of its briefs. *Id.* 10-11.  The Court ordered the Parties to show cause as to why they should not be sanctioned under Federal Rule of Civil Procedure 11.  *Id.* at 11-12 (the "OSC").  Now before the Court are Bhs's and Worldex's responses to the OSC.  Dkts. 99-100 ("Bhs's Response" and "Worldex's Response," respectively).  In light of the Parties' responses, the Court deems oral argument unnecessary. *See, e.g.*, *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue.").

## I.     LEGAL STANDARD

Among the grounds for Rule 11 sanctions, attorneys or parties may be sanctioned for submitting filings that are not "warranted by existing law or by a nonfrivolous argument for extending existing law." Dkt. 97 at 5 (quoting Fed. R. Civ. P. 11(b)(2)). "A filing is frivolous if no competent attorney would believe it was well-grounded in fact and warranted by law." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1415 (9th Cir. 1990). "Courts apply an objective test in assessing whether Rule 11(b) has been violated[:]… A violation of the rule does not require subjective bad faith." *Oneto v. Watson*, 808 F. Supp. 3d 974, 977 (N.D. Cal. 2025) (internal citations omitted). However, "[t]he court has significant discretion in determining what sanctions, if any, should be imposed for a violation[.]" Fed. R. Civ. P. 11, advisory committee's note to the 1993 amendment.

## II.     DISCUSSION

In light of the reasoning set forth in the Court's OSC, the Court is persuaded that both Bhs and Worldex's counsel, O'Hagan Meyer LLP ("O'Hagan"), have violated Rule 11. The Parties' responses to the contrary are unavailing, (*see* Dkts. 99-100), as explained below.

### A.     Bhs's Response, Although Sincere, Is Not an Excuse

First, Bhs concedes that it "misapprehended the absolute nature of th[e] Court's prohibition" against re-alleging its contingency fee claims. Dkt. 99 at 2-3. It argues that its noncompliance with the order granting leave to amend (Dkt. 76, ("Prior Order")), was the result of a "objectively reasonable effort to harmonize the express text of the Court's itemized grants of leave…, its ethical duty of factual candor under Rule 11, and an earnest attempt to answer the Court's specific critique regarding Article III standing." *Id.* The Court appreciates Bhs's sincerity and candor. Nonetheless, the Court remains convinced that Bhs's reading of the Court's Prior Order was not reasonable because, contrary to its assertions, ***leave*** to amend does not ***require*** amendment; it ***permits*** amendment. *Contra id.* If Plaintiff could not in good faith allege claims based on *quantum meruit* or hourly fees, for which it might have standing, the answer is not to re-allege foreclosed contingency claims; it is to withdraw the claim. Thus, while Bhs's mistake may have been made in good faith, an unreasonable mistake it remains.

2

United States District Court
Northern District of California

Bhs's Response is also unavailing in its explanation of why it relied on inapposite *Herron v. State Farm Mut. Ins. Co.*, 56 Cal. 2d 202 (1961) while failing to address standing authorities that the Court cited to Bhs in its Prior Order. *See id.* at 4-6. Bhs goes so far as to admit that its SAC and opposition "lack[ed] explicit citation" to "*Clapper*, *Corrales*, and *Fruci*," but argues that it "reasonably, though mistakenly, believed that by affirmatively setting forth its legal framework … it had substantively answered the Court's concerns and inherently distinguished" those authorities. *Id.* (referencing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413-14 (2013); *Fruci & Assocs., PS v. A10 Cap. LLC*, 510 F. Supp. 3d 962, 967 (W.D. Wash. 2020); and *Corrales v. Dutschke*, 760 F. Supp. 3d 1053, 1061 (S.D. Cal. 2024). Such an argument, that the Court should essentially "read the tea leaves" and inherently understand arguments not set forth by a party before it, is unreasonable. No reasonable attorney would present arguments thus to a court, much less arguments upon which its claims depend.

In sum, Bhs's filings and arguments are not the kinds that a competent attorney would believe were well-grounded in fact and warranted by law. As a result, Bhs's filing of its SAC and standing argument based on *Herron* in its opposition violated Rule 11(b).

**B.    Worldex's Response Demonstrates the Error of its Original Motion**

Worldex's Response maintains that its *Younger* argument was not frivolous and was supported by law as to both the "practical effect of enjoining" prong and in its requested relief (dismissal, rather than a stay). Dkt. 100 at 2-6. Worldex's Response completely misses the mark.

As to the first point, the problem the Court's OSC identified was that Worldex's original motion "does not cite to any portion of Bhs's SAC as requesting injunctive or similar relief [n]or … attempt to explain how the cited cases support its argument[.]" Dkt. 97 at 10. Worldex bridges that analytical gap in its response and explains that, because "a contingent fee contract accrues at the time of the happening of the contingency," (Dkt. 100 at 4 (*citing Fracasse v. Brent*, 6 Cal. 3d 784, 788 (1972)), it believed that Bhs would need to realize the contingency to maintain his suit and "would use this proceeding to attempt to vacate *Mendoza* for reasons Plaintiff had advanced in *Markman* and *Lee*," and might even seek to thereafter intervene in the *Mendoza* appeal. Dkt. 100 at 4-5. This argument by Worldex is a stretch, but it is not frivolous. However, it remains the

case that *none of this argumentation nor Worldex's authorities were raised in Worldex's original motion*, where the argument ought to have been made;  rather, Worldex's *entire* argument as to this prong consisted of following two paragraphs:

> 4. Bhs Seeks to Enjoin California State Court Proceedings
>
> The fourth and final requirement for Younger to apply is that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *AmerisourceBergen*, 495 F.3d at 1149.
> The final Younger element is present here. The Mendoza Action is an active civil proceeding. *See*; RJN: Notice of Appeal; *see also San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1095-96 (9th Cir. 2008); see also, Gilbertson, 381 F.3d at 976 ("There is no doubt that interference with state proceedings is at the core of the comity concern that animates Younger."). Bhs' present federal court action seeks to invalidate the *Mendoza* Action and will directly interfere with active state appellate proceedings.

Dkt. 85 at 20 (bold of heading removed for clarity).  However meritorious the argument made in Worldex's Response to the OSC, the argument made in its motion is not warranted by law or facts.

As to the second point, the Court directed Worldex to explain how its use of *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) to seek dismissal under the *Younger* doctrine rather than a stay was warranted by law or was nonfrivolous.  *Id.*  Worldex's only **proper**[1] response is to point to footnote 18 of *Gilbertson*, which explains that the Ninth Circuit did "not foreclose the possibility of a unique case where damages are sought and Younger principles apply but dismissal is indicated for some other reason.  A damages claim that is plainly frivolous [] might not save an action." Dkt. 100 at 5 (citing *id.* at 982 n. 18).  This argument does not help Worldex;  if anything, demonstrates the frivolity of its request for a *Younger* dismissal:  The fact that *Gilbertson* contemplates dismissal "*for some other reason*" notwithstanding the *Younger* doctrine is unremarkable.  *See id.* (emphasis added).  The Court agrees that it must (and did) dismiss Plaintiff's claim as frivolous, *e.g.*, for plainly lacking standing.  That dismissal is not the *Younger*

---

[1] Worldex also string-cites a number of decisions dismissing cases despite Younger abstention being implicated.  Dkt. 100 at 5-6.  None of those cases were in Worldex's original motion or reply, and thus they further support the Court's basis for sanctions.  That is, while they might support the conclusion that a request for dismissal (as opposed to a stay) could be non-frivolously argued for in a "unique case," they only highlight the stark deficiency in Worldex's request for dismissal in *this* case as presented in its motion.

dismissal argued for by Worldex.

Simply put, Worldex's arguments – as raised in its original motion and reply – were so barebones and apparently contrary to the authority cited therein that no competent attorney would believe they were warranted or nonfrivolous.  This, coupled with Worldex's total disregard for the Court's prior admonishments, (*see* OSC at 10-11 (citing Prior Order at 15, 16 n.8), is grounds for a Rule 11 sanction.

**III.    CONCLUSION AND SANCTION**

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  "The sanction may include nonmonetary directives," including participation in Continuing Legal Education ("CLE") courses.  *See, e.g.*, *Oneto v. Watson*, 808 F. Supp. 3d 974, 980 (N.D. Cal. 2025) (ordering the sanctioned attorney to "participate in a Continuing Legal Education course of at least one hour regarding the ethical use of artificial intelligence in the practice of law."

Two things are clear to the Court from the Parties' responses to its OSC and the analysis above.  First, Mr. Song (as attorney for Bhs) acted in gross misapprehension of the Court's directives and the law.  Second, O'Hagan (as attorney for Worldex) has submitted to the Court briefs containing frivolous, time-consuming *Younger* arguments, even though the argument could have been made in a non-frivolous fashion.  The Court recognizes that "any sanction imposed must be proportionate to the offense and commensurate with principles of restraint and dignity inherent in judicial power."  *Oneto*, 808 F. Supp. 3d at 980 (citing *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989)).  With these principles in mind and having carefully considered the conduct of the counsels at issue, the Court **ISSUES the following sanction:**

Attorneys Mr. Song, Mr. Qualls, Mr. Jhaaj, Mr. Ng and Mr. Fisher **shall participate** in a CLE course of at least one hour that is eligible for California CLE credit for general "participatory credit hours" and which is related to effective advocacy (*e.g.*, topics such as brief writing, research, the art of persuasion or similar topics;  *see, e.g.*, the California Lawyers' Association catalogue, programs such as "Judicial Roundtable 2025 Litigation and Appellate Summit," (https://cla.inreachce.com/Details/Information/ec1c6dff-8eb8-4358-b04e-311363ea4694)).  Each

United States District Court
Northern District of California

attorney shall participate in such a course within the next **45 days** and file their certificates of completion on the docket **no later than July 6, 2026**.

The June 9, 2026 hearing is **VACATED**, the OSC is **DISCHARGED** and the Clerk of Court shall close the docket in this matter.  The Court will issue a judgment reflecting the disposition of this matter pursuant to Dkt. 97.

**SO ORDERED.**

Dated: May 20, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

6